4/10/80

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE MARINE CONSTRUCTION      )       DOCKET NO. 417
ANTITRUST LITIGATION           )

OPINION AND ORDER

BEFORE ANDREW A. CAFFREY, CHAIRMAN*, ROY W. HARPER, CHARLES
R. WEINER, EDWARD S. NORTHROP, AND ROBERT H. SCHNACKE,
JUDGES OF THE PANEL.

PER CURIAM

This litigation consists of 66 actions pending in
four federal districts:  49 in the Southern District of
Texas; nine in the Eastern District of Louisiana; seven
in the Northern District of Illinois; and one in the Southern
District of New York.

The 66 actions were spawned by the indictment of J.
Ray McDermott and Co., Inc. (McDermott); four of its executive
officers; Brown and Root, Inc. (Brown and Root); and two
of its executive officers.  The indictment was filed on
December 14, 1978, by a federal grand jury sitting in New
Orleans, Louisiana, and charges defendants with violating
the federal antitrust laws by conspiring to fix prices
and to eliminate competition in the marine construction
industry.

---

*   Judge Caffrey took no part in the decision of this matter.

FPI—MAR—3-27-79-6M-1781

Each of the 66 complaints, all but two of which were filed during December, 1979, names as defendants both McDermott and Brown and Root.  In addition, about one-third of the complaints name as defendants Halliburton Company (Halliburton), Brown and Root's parent corporation; and/or Oceanic Contractors, Inc. (Oceanic), a subsidiary of McDermott. Two actions also name certain of defendants' executive officers.

All of the actions before the Panel are based on virtually identical factual and legal allegations that track those contained in the Government's indictment.  Basically, all plaintiffs allege that since at least as early as 1960, the defendants and various named and unnamed co-conspirators have conspired, in violation of Sections 1 and 2 of the Sherman Act, to suppress and eliminate competition in the marine construction industry, and to fix, maintain and establish prices for marine construction services at artificial and non-competitive levels.  Each complaint also alleges that the conspiracy was fraudulently concealed. About two-thirds of the complaints contain an allegation that defendants violated a state deceptive practices statute. Plaintiffs in each action seek treble damages, and in about two-thirds of the actions the plaintiffs also seek injunctive relief.

Presently before the Panel are two motions and a cross-motion to centralize all actions in this litigation in a single district pursuant to 28 U.S.C. §1407 for coordinated or consolidated pretrial proceedings.  All responding parties

1   agree on the propriety of, or do not oppose, transfer.

2   These parties agree that the 66 actions raise common factual

3   questions because of the virtually identical antitrust

4   allegations of the 66 complaints.   These parties further

5   agree that transfer under Section 1407 is necessary in

6   order to prevent duplication of discovery, eliminate the

7   possibility of conflicting pretrial rulings and conserve

8   judicial resources.   The only dispute concerns the selection

9   of the transferee district.   McDermott, Oceanic, and four

10  executive officers of McDermott and Oceanic favor centrali-

11  zation in the Eastern District of Louisiana; plaintiffs

12  in the 49 actions pending in the Southern District of Texas,

13  plaintiffs in three of the nine actions pending in Louisiana,

14  and defendants Brown and Root and Halliburton favor

15  centralization in the Southern District of Texas; plaintiffs

16  in the seven actions pending in the Northern District of

17  Illinois favor centralization in that district, or alternatively

18  the Illinois plaintiffs favor centralization in the Southern

19  District of Texas. Plaintiffs in the **New York action consider**

20  **the Southern District of New York to be an appropriate**

21  forum for their actions, but the New York plaintiffs

22  nevertheless favor the Southern District of Texas as the

23  transferee district for centralized pretrial proceedings

24  under Section 1407.

25        We find that the 66 actions involve common questions
of fact and that transfer of the actions pending in districts
other than the Eastern District of Louisiana to that district

for centralized pretrial proceedings with the actions pending
there will best serve the convenience of the parties and
witnesses and promote the just and efficient conduct of
the litigation.

Those parties favoring the Southern District of Texas
as the transferee district support that district because:
(1) 49 of the 66 actions are pending in the Southern District
of Texas; (2) the majority of the parties to the litigation
favor the Southern District of Texas; and (3) Brown and
Root, as well as many of the plaintiffs, have their principal
places of business in Houston.   These parties discount
the importance of the fact that the relevant grand jury
proceedings occurred in the Eastern District of Louisiana
by pointing out that McDermott and Brown and Root have
demonstrated a willingness to make copies of at least some
of the documents submitted by them to the grand jury available
to plaintiffs.

The plaintiffs in the Illinois actions favor centrali-
zation in the Northern District of Illinois on the grounds
that:   (1) docket congestion is less in the Northern District
of Illinois than in either the Southern District of Texas
or the Eastern District of Louisiana and therefore the
actions could proceed most expeditiously in the Northern
District of Illinois; (2) Chicago is centrally located
and therefore convenient for a litigation that is nationwide
in scope; and (3) both Brown and Root and McDermott have
offices in the Chicago area.

1    Although we are of the view that either the Southern
2  District of Texas or the Eastern District of Louisiana
3  could be described as an appropriate transferee forum for
4  this litigation, on balance we conclude that the Eastern
5  District of Louisiana is preferable.  Because one of the
6  two principal defendants has its principal place of business
7  in each of these two districts, many relevant documents
8  and witnesses will likely be located in both jurisdictions.
9  The fact that the relevant grand jury proceedings occurred
10  in the Eastern District of Louisiana, however, tips the
11  scales in favor of that forum under the circumstances in
12  this litigation.

13    The documents and transcripts of the testimony on
14  which the grand jury relied in returning its indictment
15  and which have been sought by the private litigants are
16  located in the Eastern District of Louisiana. See In re
17  Hawaiian Hotel Room Rate Antitrust Litigation, 458 F. Supp.
18  935, 936 (J.P.M.L. 1977).  Furthermore, the United States
19  Supreme Court, in Douglas Oil Company v. Petrol Stops Northwest,
20  441 U.S. 211 (1979), has required, with respect to access
21  to grand jury materials in related private antitrust actions,
22  coordination between the court presiding over the grand
23  jury proceedings and the court presiding over the private
24  antitrust actions.  This coordination can more easily be
25  accomplished by selecting as transferee district the same
   district in which the grand jury sat and returned an indictment
   against the principal defendants.  See In re California

-6-

1  <u>Armored Car Antitrust Litigation</u>, **476 F. Supp. 452, 454**

2  **(J.P.M.L. 1979).**

3      IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C.

4  §1407, the actions listed on the following Schedule A and

5  pending in districts other than the Eastern District of

   Louisiana be, and the same hereby are, transferred to the

6  Eastern District of Louisiana and, with the consent of

7  that court, assigned to the Honorable Jack M. Gordon for

8  coordinated or consolidated pretrial proceedings with the

9  actions pending in that district and listed on Schedule

10  A.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

DOCKET NO. 417
Schedule A

Northern District of Illinois

1  Natural Gas Pipeline Co. of America, Inc. v. J. Ray McDermott
   & Co., Inc., et al., C.A. No. 79C2668

2  Napeco, Inc. v. J. Ray McDermott & Co., Inc., et al.,
   C.A. No. 79C5236

3  Kerr-McGee Corp. v. J. Ray McDermott & Co., Inc., et al.,
   C.A. No. 79C5242

4  Michigan Wisconsin Pipe Line Co. v. J. Ray McDermott & Co.,
   Inc., et al., C.A. No. 79C5249

5  American Natural Gas Production Co. v. J. Ray McDermott
   Co., Inc., et al., C.A. No. 79C5250

6  Santa Fe Energy Co., et al. v. J. Ray McDermott & Co.,
   Inc., et al., C.A. No. 79C5267

7  Felmont Oil Corp., et al. v. J. Ray McDermott & Co., Inc.,
   et al., C.A. No. 79C5268

Eastern District of Louisiana

8  Columbia Gas Development Corp., et al. v. J. Ray McDermott
   & Co., Inc., et al., C.A. No. 79-4986-G(4)

9  Consolidated Gas Supply Corp. v. J. Ray McDermott & Co.,
   Inc., et al., C.A. No. 79-5005-A(5)

10 CNG Producing Co. v. J. Ray McDermott & Co., Inc., et al.,
   C.A. No. 79-5006-C(3)

11 Forest Oil Corp., et al. v. J. Ray McDermott & Co., Inc.,
   et al., C.A. No. 79-5008-J(4)(5)

12 Mobil Oil Corp., et al. v. J. Ray McDermott & Co., Inc.,
   et al., C.A. No. 79-5021-G(2)

13 Ocean Drilling & Exploration Co., et al. v. J. Ray McDermott
   & Co., Inc., et al., C.A. No. 79-5026-M(5)

14 Koch Industries, Inc. v. J. Ray McDermott & Co., Inc.,
   et al., C.A. No. 79-5029-K(4)(3)

15 Newmont Oil Co. v. J. Ray McDermott & Co., Inc., et al.,
   C.A. No. 79-5030-G(4)

Columbia Gulf Transmission Co. v. J. Ray McDermott & Co.,
   Inc., et al., C.A. No. 79-4985-I(2)

Southern District of New York

16 Texaco Inc., et al. v. J. Ray McDeromott & Co., Inc.,
   et al., C.A. No. 79 Civ 6764

Southern District of Texas

17 Tenneco Inc., etc. v. J. Ray McDermott & Co., Inc., et al.,
   C.A. No. 79-H-1329

18 Tenneco Oil Co., et al. v. J. Ray McDermott & Co., Inc.,
   et al., C.A. No. H-79-2497

19 Crystal Oil Co., et al. v. J. Ray McDermott & Co., Inc.,
   et al., C.A. No. H-79-2498

20 Pan Eastern Exploration Co., et al. v. J. Ray McDermott
   & Co., et al., C.A. No. H-79-2499

21 Texas Eastern Transmission Corp., et al. v. J. Ray McDermott
   & Co., et al., C.A. No. H-79-2500

22 Trunkline Gas Co. v. J. Ray McDermott & Co., Inc., et al.,
   C.A. No. H-79-2501

23 Stingray Pipeline Co., et al. v. J. Ray McDermott & Co.,
   Inc., et al., C.A. No. H-79-2502

24 Southern Natural Gas Co., et al. v. J. Ray McDermott &
   Co., et al., C.A. No. H-79-2503

25 Clark Oil Producing Co. v. Brown & Root, Inc., et al.,
   C.A. No. H-79-2504

DOCKET NO. 417 -- continued
Schedule A  -- p.2

## Southern District of Texas (Continued)

Wintershall Oil & Gas Co. v. J. Ray McDermott Co., Inc.,
et al., C.A. No. H-79-2506
American Petrofina Co. of Texas, et al. v. J. Ray McDermott
Co., et al., C.A. No. H-79-2507
Phillips Petroleum Co., et al. v. J. Ray McDermott & Co.,
Inc., et al., C.A. No. H-79-2508
Clam Petroleum Co. v. J. Ray McDermott & Co., Inc., et al.,
C.A. No. H-79-2510
Cities Service Co., et al. v. J. Ray McDermott & Co., Inc.,
et al., C.A. No. H-79-2511
Norsk Hydro a.s., et al. v. J. Ray McDermott & Co., Inc.,
et al., C.A. No. H-79-2514
Allied Chemical Corp. v. Brown & Root, Inc., et al.,
C.A. No. H-79-2515
Conoco Inc. v. Halliburton Co., et al.,
C.A. No. H-79-2516
Exxon Corp., et al. v. Brown & Root, Inc., et al.,
C.A. No. H-79-2517
General American Oil Co. of Texas v. Brown & Root, Inc.,
et al., C.A. No. H-79-2518
Pennzoil Producing Co., et al. v. Brown & Root, Inc.,
et al., C.A. No. H-79-2519
Transcontinental Gas Pipe Line Corp. v. Brown & Root, Inc.,
et al., C.A. No. H-79-2520
United Gas Pipe Line Co., Inc., et al. v. Halliburton Co.,
et al., C.A. No. H-79-2521
The Northwestern Mutual Life Insurance Co. v. J. Ray McDermott
& Co., Inc., et al., C.A No. H-79-2523
High Island Offshore System, et al. v. J. Ray McDermott
& Co., Inc., et al., C.A. No. H-79-2524
Hamilton Brothers Oil Co., et al. v. J. Ray McDermott &
Co., Inc., et al., C.A. No. H-79-2525
Texas Gas Transmission Corp., et al. v. J. Ray McDermott
& Co., Inc., et al., C.A. No. H-79-2526
U-T Offshore System, et al. v. J. Ray McDermott & Co., Inc.,
et al., C.A. No. H-79-2527
Gulf Oil Corp., et al. v. J. Ray McDermott & Co., Inc.,
et al., C.A. No. H-79-2528
Freeport Minerals Co., etc. v. J. Ray McDermott & Co., Inc.,
et al., C.A. No. H-79-2529
Terra Resources, Inc., et al. v. J. Ray McDermott & Co.,
Inc., et al., C.A. No. H-79-2530
Energy Reserves Group, Inc., et al. v. J. Ray McDermott
& Co., Inc., et al., C.A. No. H-79-2531
Tesoro Petroleum Corp., et al. v. J. Ray McDermott & Co.,
Inc., et al., C.A. No. H-79-2532
Aminoil International, Inc., et al. v. J. Ray McDermott
& Co., Inc., et al., C.A. No. H-79-2533
Vallero Energy Corp., et al. v. J. Ray McDermott & Co.,
Inc., et al., C.A. No. H-79-2534

Docket No. 417 -- Continued
Schedule A -- p.3

### Southern District of Texas (Continued)

El Paso Natural Gas Co. v. J. Ray McDermott & Co., Inc.,
  et al., C.A. No. H-79-2535
Union Oil Co. of California, et al. v. J. Ray McDermott
  & Co., Inc., et al., C.A. No. H-79-2536
Amax Petroleum Corp. v. J. Ray McDermott & Co., Inc.,
  et al., C.A. No. H-79-2538
OKC Corp. v. J. Ray McDermott & Co., Inc., et al.,
  C.A. No. H-79-2539
Home Petroleum Corp. v. J. Ray McDermott & Co., Inc.,
  et al., C.A. No. H-79-2540
Getty Oil Co., et al. v. J. Ray McDermott & Co., Inc.,
  et al., C.A. No. H-79-2541
H. W. Bass & Sons, Inc. v. J. Ray McDermott & Co., Inc.,
  et al., C.A. No. H-79-2542
The Louisiana Land and Exploration Co., et al. v. J. Ray
  McDermott & Co., Inc., et al., C.A. No. H-79-2543
The Dow Chemical Co., et al. v. Brown & Root, Inc., et al.,
  C.A. No. H-79-2546
Shell Oil Co., et al. v. Brown & Root, Inc., et al.,
  C.A. No. H-79-2547
Ashland Oil Inc., et al. v. Brown & Root, Inc., et al.,
  C.A. No. H-79-2548
The Superior Oil Co., et al. v. Brown & Root, Inc., et al.,
  C.A. No. H-79-2553
J. S. Abercrombie Mineral Co. v. J. Ray McDermott & Co.,
  Inc., et al., C.A. No. H-79-2554
Arabian American Oil Co., et al. v. Brown & Root, Inc.,
  et al., C.A. No. H-79-2559
Southland Royalty Co. v. J. Ray McDermott & Co., Inc.,
  et al., C.A. No. 79-2572